HENRY F. TURNER, Judge pro tem.
Martin G. Fisher died on November 26, 1962, in New Orleans, Louisiana, leaving an olographic will dated December 2, 1960. This will was admitted to probate on December 3, 1962, in the Civil District Court for the Parish of Orleans. In this will decedent appointed the Dean of Christ Church Cathedral executor of his estate, with full seizin and without bond; and named Nelson Fisher and John Andrew Fisher, whom he designated as his children, as his universal legatees. The Reverend Leonard E. Nelson, the Dean of Christ Church Cathedral at the time of Fisher’s death, qualified as testamentary executor, and letters testamentary *686 were issued in his favor on December 3, 1962.
A detailed descriptive list of the property left by decedent was filed and showed the gross value of the estate to be $5,941.83, consisting of the $5,000.00 cash value of an insurance policy and $941.83, being cash on hand and personal effects. On petition of the executor, the court appointed an attorney to represent the absent heirs and legatees. After a diligent and extensive search by the executor and attorney for the absent heirs and legatees, the only person found that could be classified as an heir or a legatee was one Nelson Williams, who resided in California. Nelson Williams was the son of a Mrs. Tyler, to whom decedent had formerly been married and was therefore decedent’s stepson. Communications were carried on with this Nelson Williams and, although he indicated an interest and felt that he possibly was the person mentioned in the will, he took no affirmative action to prove that he was the legatee intended in the will.
The executor paid all debts of the succession and thereafter had a balance left to the account of the legatees of approximately $2,200.00.
On January 17, 1964, Leonard E. Nelson, the qualified testamentary executor, filed a rule ordering the attorney for absent heirs and legatees to show cause why the residuum of the estate should not be turned over to the Collector of Revenue for the State of Louisiana in accordance with the provision of LSA-R.S. 9:151 et seq., and to fix the fee for the said attorney for the absent heirs and legatees.
On February 10, 1964, the Public Administrator for the Parish of Orleans filed a petition, which is in the form of an intervention and connected with it a rule to show cause. In these proceedings he prayed for the removal of Leonard E. Nelson as testamentary executor, that he be substituted in his stead as administrator of this succession, and for an inventory of the assets of same.
A hearing was held on these two rules, and the judge of the lower court recalled and dismissed the petition and rule of the Public Administrator and made the rule of the executor absolute as to the fixing of the fee for the attorney for absent heirs in the amount of $250.00, and in all other respects dismissed the rule. From that part of the judgment dismissing the rule, the executor has perfected a devolutive appeal to this court.
The Public Administrator did not appeal and is therefore not before this court in any manner.
The only question presented for our consideration is whether or not the judge of the District Court erred in dismissing the executor’s rule to be permitted to turn the residuum of the estate over to the Collector of Revenue for the State of Louisiana. The executor did not in this rule ask for a discharge. He is serving without bond, and his fees as executor and also the fees of his attorney and all court costs have previously been paid.
Since there appears to be at least one legatee named in the will who is known and with whom the attorneys in the case have corresponded, it is our opinion that the ruling of the District Court was correct in refusing at this stage of the proceedings to permit the' executor to turn the residuum of the estate-over to the Collector of Revenue. There is no bond premium or other drain upon the-residuum that would tend to justify such-action at this time. LSA-R.S. 9:151 as. amended provides :
“Any other provision of the Revised Statutes to the contrary notwithstanding, any person, except a banking institution subject to the provisions of R.S. 6:164 and national banks, trust company, or insurance company, having-possession or control of any money belonging to an owner who is unknown or who has not been heard from for more-than three years, shall pay the same to-the collector of revenue and shall thereby be relieved of all liability therefor.”
*687 While we do not mean to hold by this opinion that Nelson Williams is a legatee under the will herein, under the authority of the case of the Succession of Bradford, 124 La. 44, 49 So. 972, he may be able to establish to the satisfaction of the court that he is the legatee named in the will and is entitled therefore to the residuum.
The judgment of the District Court is therefore affirmed, the residuum of the estate to bear the cost of this appeal.
Affirmed.